IN THE UNITED STAES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**HALO WOODS, LLC**                                                                                     **PLAINTIFF**

V.                                                    NO. 4:23-CV-00158 BRW

**WRIGHT'S CABINETS, INC.** *et al.*                                              **DEFENDANTS**

## ORDER

On August 2, 2023, Plaintiff Halo Woods, LLC ("Halo Woods") filed a Motion to Deem Plaintiff's Requests for Admissions Admitted and a Motion to Compel Initial Disclosures from Defendants and Discovery Responses from Defendant Wright's Cabinets, Inc. ("Wright's Cabinets").[1] On August 17, 2023, Defendants filed a response to both motions.[2] For the reasons stated below, both motions are GRANTED.

**I.  Background**

Halo Woods is an importer and reseller of high-quality wood products. Between July 2022 and September 2022, Halo sold to Defendant Wright's Cabinets $182,872.80 worth of wood products ordered by their employee, Defendant Michael Sullivan. At the time of sale, Wright's Cabinets, was in financial distress. Halo Woods is now seeking full payment in the amount of $182,922.80, which includes the wood products and $50.00 for a returned check fee.[3]

---

[1] Doc. Nos. 19 and 21.

[2] Doc. Nos. 23 and 24.

[3] Unless otherwise noted the Background information is from Plaintiff's Complaint.

**II.     Discovery**

On June 6, 2023, Halo Woods served its First Set of Requests for Admission to all Defendants, with their responses due by agreement on July 24, 2023.[4] Defendant Wright's Cabinets did not answer the Requests for Admission, rather their attorney, Mr. Hubert Alexander, emailed Halo Woods' attorney informing him Defendant Wright's Cabinets paid a bankruptcy attorney (insinuating they would be filing bankruptcy in the near future).[5]

Federal Rule of Civil Procedure 36(a)(3) Time to Respond: Effect of Not Responding.

> A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.  A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

Defendant Wright's Cabinets neither responded nor requested an extension of time to respond to Halo Wood's Requests for Admissions, as admitted in their response to the motion.[6] Therefore, the Motion to Deem Requests for Admissions Admitted is GRANTED as to Defendant Wright's Cabinets.

On June 6, 2023, the parties filed a Joint Rule 26(f) Report with the Court, setting the deadline for both parties' initial disclosures on or before June 23, 2023.[7] As of the date of this Order, Defendants Wright's Cabinets, Sully's Cabinets and Construction, and Michael Sullivan have not provided Halo Woods with their initial disclosures.

---

[4] Doc. No. 19, Exhibit 2.

[5] Doc. No. 19, Exhibit 3.

[6] Doc. No. 24.

[7] Doc. No. 15

Federal Rule of Civil Procedure 26(a)(1)(C) reads:

> A party must make the initial disclosures at or within 14 days after the parties Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan. In ruling on the objection, the court must determine what disclosures, if any, are to be made and must set the time for disclosure.

The parties Joint Rule 26(f) Report [8] set the deadline for initial disclosures on or before June 20, 2023. There is no record of objections from Defendants.

Defendant Wright's Cabinets also was served on June 6, 2023, with Halo Woods' First Set of Interrogatories and Requests for Production of Documents. Wright's Cabinets had until July 24, 2023, to respond or request an extension to respond. As of the date of this order they have not responded. Though, alluded to by their attorney, Hubert Alexander, as of the date of this Order, there is no record of a bankruptcy filing on behalf of Defendant Wright's Cabinets.[9]

Therefore, the Motion to Compel Initial Disclosures from Defendants and Discovery Responses from Defendant Wright's Cabinets is GRANTED.

Defendants are ordered to produce their initial disclosures to Halo Woods within seven days of the date of this Order. Defendant Wright's Cabinets is ordered to produce their initial disclosures and to respond to Halo Woods' first set of interrogatories and requests for production of documents within seven days of the date of this Order.

Federal Rule of Civil Procedure 33(b)(4) reads:

> Objections. The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.

---

[8] Doc. No. 15.

[9] Doc. No. 19, Exhibit 3.

4

Any objections to Halo Woods's interrogatories and requests for production of documents by Defendants Wright's Cabinets, Sully's Cabinets and Construction LLC, and Michael Sullivan are waived.

IT IS SO ORDERED this 7th day of September, 2023.

Billy Roy Wilson<br>
UNITED STATES DISTRICT JUDGE